FILED
U.S. DISTRICT COURT
2008 FEB -4 PM 3:00
CLERK C.Campbell
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| JACQUES CLINTON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: CV208-144 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, filed an action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. The United States of America filed a Motion to Dismiss. (Doc. No. 31). Plaintiff filed a Response. (Doc. No. 34). For the following reasons, The United States' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that when he was transferred from the Federal Correctional Institution in Jesup, Georgia to a facility in Beaumont, Texas, officers at the Jesup facility put the "wrong number" on a box he intended to ship and lost his property. (Doc. No. 35-1, p. 1). Plaintiff valued the lost items at $3480.95, and also seeks to recover

"interests, attorney's fees[1], $63.00 costs to date, and all future costs." (Id. at p. 3; Doc. No. 1, p. 3). The United States moved to dismiss Plaintiff's action under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. (Doc. No. 31).

## STANDARD OF REVIEW

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (citing Conley, 355 U.S. at 45-46).

---

[1] Plaintiff is proceeding pro se, and has not retained an attorney.

## DISCUSSION AND CITATION TO AUTHORITY

Congress waived the United States' sovereign immunity in the FTCA for claims arising out of torts committed by federal employees. 28 U.S.C. § 1346(b)(1). The FTCA authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment." (Id.) The FTCA exempts from this waiver certain categories of claims. See 28 U.S.C. §§ 2680(a)-(n). At issue in this case is the exception in 28 U.S.C. § 2680(c), which provides that § 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."

In Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008), a federal prisoner at the Atlanta Federal Penitentiary left his personal belongings in two duffle bags at the Prison's Receiving and Discharge Unit to be inventoried, packaged and shipped to his next institution. (Id. at 216). When his bags arrived at his new institution, Ali found that certain items were missing. (Id.). He filed an administrative claim and later a civil action under the Federal Tort Claims Act seeking compensation. (Id., at 216-217). Both the District Court and the Eleventh Circuit dismissed Ali's claims as being barred by the exception set forth in § 2680(c). (Id., at 217). The Supreme Court granted certiorari to resolve a conflict among the circuits as to the scope of Section 2680(c) concerning whether its exceptions encompassed all law enforcement officers. (Id., at 219, n. 1). Specifically, the issue was whether Bureau of Prisons officers who allegedly lost Ali's

property qualified as law enforcement officers within the meaning of Section 2680(c). (Id., at 218) The Supreme Court held that they did, and affirmed the Eleventh Circuit's dismissal of Ali's FTCA claim, giving effect to Congress' intent that Section 2680(c) forecloses suits against the United States for detention and loss of an inmate's property.

Because Plaintiff's allegations indicate that his property was lost by BOP officers at the Federal Correctional Institution in Jesup, Georgia, his claim is precluded by the exception set forth in 28 U.S.C. § 2680(c).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 4th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE